**Robert L. ROBERTS, and Robert E. Faulkner, Plaintiffs,**

v.

**Edwin L. REYNOLDS, Acting Commissioner of Patents, Defendant.**

**Civ. A. No. 225-63.**

United States District Court District of Columbia.

March 25, 1964.

Robert B. Harmon, Washington, D. C., Carl Hoppe, Hoppe & Mitchell, James F. Mitchell, San Francisco, Cal., for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was heard on January 28, 1964, and the Court having considered all the evidence presented, including the record in the Patent Office and the arguments of counsel, entered judgment for the defendant.

In accordance with the Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C., the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. This civil action was brought under 35 U.S.C. § 145 seeking judgment authorizing the defendant, Acting Commissioner of Patents, to grant a patent containing claims 1 through 6 of an application entitled "Flaked Comestibles and Process for Preparing Same", Serial No. 34,795, filed June 8, 1960, by Robert L. Roberts and Robert E. Faulkner. Claims 7 through 12, directed to a process for making the product described in claims 1 through 6, were allowed by the Examiner, and thus, are not before the Court.

2. Claims 1 through 6 were rejected by the tribunals of the Patent Office as unpatentable over the following patents:

Krause   Re. 22,522   July 25, 1944
Forkner   2,901,359   August 25, 1959

3. The process for preparing a flake product disclosed in the application, and described by claims 7 through 12 comprises drying fruit or vegetable slices to attain very low moisture content, cutting said slices into granules, warming said granules between rolls at .001 inch spacing to produce (because of product resiliance and tendency to assume previous thickness) flakes having a thickness of approximately .01 inches. If a thicker final product is desired, the spacing of the rollers may be increased to the extent that the thickness of the product remains within the range of .01 to .06 inches. The limits of the range are not dis-

closed as critical. Plaintiffs' specification states that the product rehydrates rapidly.

4. Claims 1 through 6 are not limited to products produced by the process described in the application in suit, and in claims 7 through 12. All the refused product claims set forth a flake having continuous unbroken top and bottom surfaces and an unruptured cellular structure. Claims 1 and 2 set forth a comestible product having less than 10% moisture by weight; claims 3 and 4, a fruit product having less than 5% moisture by weight, and claims 5 and 6, a vegetable product having less than 10% moisture by weight. Only claims 2, 4, and 6 set forth a flake thickness within the range of 0.01 to 0.06 inches and a compressed unruptured cellular structure. None of claims 2, 4, and 6 sets forth at what stage in the dried flake preparation the compression takes place. None of claims, 2, 4, and 6 sets forth the degree of compression.

5. Plaintiffs' expert witness testified that a purpose of the rolling in plaintiffs' method is to get a very dense product which can be stored in a minimum of space. That purpose is not disclosed in plaintiffs' specification, and none of the product claims are limited to a product of specific density.

6. Plaintiffs' specification states that the "thinness of the flaked product induces quick redyration upon addition of liquids."

7. The drying of fresh fruits to a moisture content of less than 5% and of fresh vegetables to less than 10% was well known in the art prior to plaintiffs' invention in a process.

8. The Forkner patent No. 2,901,359 discloses dried apple and a process for preparing it. Forkner discloses drying apple slices or pieces to a moisture content as low as 12%, and passing the dried pieces between smooth or serrated rolls spaced ¹⁄₆₄ to ¹⁄₁₆ inch to compress or partially crush the inner cellular structure of the pieces, and in some degree, to tear or rupture the outer surfaces to expose partially the inner cellular structure of the pieces. The product may then be dried to less than 5% moisture content. Forkner discloses that he starts with undried apple slices ranging in thickness from ⅛ to ½ inch, and that they may be "considerably * * * thinner" than the pieces for conventional dried apples. Forkner further discloses the concept of accelerating rehydration time by slicing apples thinner. He also discloses that the piece after rolling has a greatly increased area, and that, although natural resilience prevents maintenance of its minimum rolled thickness, the final product has "but a fraction of its original thickness" of ⅛ inch, and is a compressed piece considerably thinner than the piece in its conventionally dried form. Forkner also discloses that upon rehydration, his dried and compressed apple piece reacquires much of its original shape.

9. Plaintiffs' expert witness testified that ruptured and unruptured cellular structure can be distinguished upon rehydration by the following phenomena. Ruptured cellular structure on rehydration produces a mush or puree. Unruptured cellular structure on rehydration will have a tendency to go back to its original position. Plaintiffs offered no evidence that they have any basis other than the foregoing test for disclosing that their flake cells are unruptured. Moreover, plaintiffs' witness testified that in the actual grinding process cells on the surface would be destroyed.

10. Plaintiffs' product claims 1 through 4 set forth no significant differences over the thinnest compressed apple product within the scope of the disclosure of the Forkner patent. The thinnest products suggested to one skilled in the art by Forkner's disclosure would be flakes within plaintiffs' non-critical claimed thickness range. In view of Forkner's disclosure that his compressed and dehydrated thin apple pieces reacquire much of their original shape on rehydration, and in view of plaintiffs' expert witness' own test for

unruptured cellular structure, and his admission that grinding destroys plaintiffs' surface cells, no significant difference over Forkner has been shown to reside in the claim limitation "having continuous unbroken top and bottom surfaces and a compressed unruptured cellular structure." Moreover, in view of Forkner's disclosure that thinness of apple slices "accelerates" rehydration time, it would be obvious to one skilled in the art that it would be desirable, by rolling, to compress in some degree the flakes without, as well as with deliberate tearing or rupturing of the outer surfaces and cells. In the light of the prior art the subject matter as a whole of claims 1 through 4 would have been obvious to one ordinarily skilled in the art at the time the invention was made.

11. The Krause patent Re. 22,522 discloses rehydrated flakes or powders of legumes, such as peas or beans, in which the cells are deliberately broken or ruptured, and in which flakes constitute a product soluble in water to produce a puree, soup, or gravy, but not rehydratable to produce reconstituted peas or beans.

12. Since prior to the time of plaintiffs' invention, there have been on the market onion flakes which contain less than 10% moisture, and which have continuous unbroken top and bottom surfaces, unruptured cellular structure, and a thickness within the range of 0.01 to 0.06 inches.

13. Claims 1 and 5 are directly readable on such prior onion flakes.

14. Claims 2 and 6 distinguish from the prior onion flake only in the term "compressed". No specific degree of compression or time of compression is set forth in these claims. Accordingly, the term "compressed" *per se* has no significance in these claims. Moreover, since Forkner discloses improved rehydration of a comestible product because of thinness and increased surface area produced by original thin slicing, and by compression rolling, it would be obvious to one ordinarily skilled in the art at some stage of production to roll the prior art thin onion flakes to compress them in some degree for the purpose of improving rehydration and thus to produce the product of claims 2 and 6.

15. Plaintiffs' witness testified as to comparative tests of apple products made according to plaintiffs' process disclosure and apple products made according to Forkner's disclosure, but not in its most pertinent and favorable aspect. No evidence was adduced showing speed of rehydration tests for Forkner's apple slices cut $\frac{1}{8}$ inch in thickness before drying and rolled between rollers spaced $\frac{1}{64}$ inch apart. Even comparisons involving such tests would not have been relevant to plaintiff's claims 1 through 6 since those claims are not limited to a product produced by plaintiffs' patentable process nor to a product having the degree of compression or the flake density which plaintiffs' witness testified results from plaintiffs' patentable process.

16. Plaintiffs' evidence did not establish, in the light of the prior art, the unobviousness of the products as claimed to one ordinarily skilled in the art.

## CONCLUSIONS OF LAW

1. Claims 1 through 6 are unpatentable.

2. The subject matter described in claims 1 through 6 is not patentable because the differences between that subject matter, and the prior art, are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

3. Plaintiffs' evidence did not show that the decision of the Patent Office Board of Appeals was clearly erroneous or inconsistent with the evidence.

4. Plaintiffs are not entitled to a patent containing any of claims 1 through 6 of their patent application Serial No. 34,795.

5. The Complaint should be dismissed.